UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ORZA SALONE,                  )
                                       )
          Petitioner,      )
                                       )
    v.                    )    Case No. 3:13-CV-371 JD
                                       )
SUPERINTENDENT,      )
                                       )
          Respondent.   )

OPINION AND ORDER

Orza Salone, a *pro se* prisoner, filed an amended habeas petition under 28 U.S.C. § 2254 challenging his 1994 conviction in Howard County. [ECF No. 5.] The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

As an initial matter, Salone has requested that counsel be appointed to represent him in this case. [ECF No. 8.] Unlike a criminal defendant, Salone does not have a right to counsel at public expense in this civil habeas case. *See Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) ("It is... well established that a criminal defendant enjoys [a] right to counsel through his first appeal ... but that, once the direct appeal has been decided, the right to counsel no longer applies."); *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court). A state prisoner pursuing federal habeas relief is entitled to appointed counsel when he is under a death sentence, which Salone is not. *See* 18 U.S.C. § 3599; *McFarland v. Scott*, 512 U.S. 849, 855 (1994).

Nevertheless, the Court may in its discretion attempt to recruit *pro bono* counsel under 28 U.S.C. § 1915 in a civil case when the circumstances warrant it. *Pruitt v. Mote*, 503 F.3d 647, 654

(7th Cir. 2007) (en banc). In assessing a request for counsel, the Court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* "If . . . the indigent [litigant] has made no reasonable attempts to secure counsel . . . the court should deny [the request] outright." *Jackson*, 953 F.2d at 1073.

Here, Salone makes a general assertion that he has "diligently attempted to secure counsel," without providing any details about whom he contacted, when he contacted them, and what responses, if any, he received. [ECF No. 8 at 2.] However, it appears from a subsequent statement in his motion that he did not actually contact anyone, but instead believes such action would be futile because he does not know of any attorneys who might take his case *pro bono*. [*Id.*] The Court finds this an inadequate basis to excuse him from trying to obtain counsel. There may be attorneys willing to take his case to fulfill *pro bono* requirements with a law firm or bar association, to gain federal court experience, or simply because they have an interest in the legal issues raised by his petition. He cannot know unless he first makes some effort to obtain counsel on his own. Thus, he has not satisfied the first prong of the *Pruitt* inquiry.

Even if he could satisfy the first step of the inquiry, the Court would not find it necessary to appoint counsel in this case. On this point, the Seventh Circuit has instructed:

> The decision whether to recruit *pro bono* counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant. Rather, the question is whether the difficulty of the

> case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Id.* at 655 (internal citations, footnote, and quote marks omitted). There are no "fixed" requirements for determining a plaintiff's competence to litigate his own case, but the Court should take into consideration his "literacy, communication skills, educational level, and litigation experience." Id. At bottom, "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

Here, Salone does not address his educational background in the motion, nor does he describe any specific reason why he cannot adequately litigate this case, other than to state in general terms that he "does not possess the technical ability to effectively prosecute this action." [ECF No. 8 at 1.] However, his filings to date demonstrate that he is literate and capable of articulating his position to the Court. He has actively pursued this case, preparing and filing his original petition and two amended petitions, as well as submitting attachments illuminating his claims. His filings have been neatly presented and comprehensible, and he has presented the Court with the relevant dates and operative facts surrounding his state conviction. Although he would prefer to proceed with the assistance of counsel, the question is not whether an attorney could present his case more effectively; if it were, the Court would be required to appoint counsel in every *pro se* case. *Pruitt*, 503 F.3d at 655. Based on the above, the motion will be denied.

The Court turns then to screening the petition pursuant to RULE 4. In 1994, following a jury trial, Salone was convicted of four counts of criminal confinement, four counts of criminal deviate conduct, and two counts of aggravated battery. [ECF No. 5 at 1.] He was sentenced to an aggregate term of 180 years. [*Id.*] He appealed, and the Indiana Court of Appeals reversed for resentencing, finding the total term excessive, but affirmed in all other respects. *Salone v. State*, 652 N.E.2d 552

(Ind. Ct. App. July 11, 1995). Salone was later resentenced to a term of 70 years. [ECF No. 5-1 at 11.] He filed a petition to transfer to the Indiana Supreme Court, which was denied in November 1995. *Salone*, 652 N.E.2d at 552. He did not seek review in the U.S. Supreme Court. [ECF No. 5 at 1.]

In April 2009, Salone filed a post-conviction petition in state court. [*Id.* at 1.] The petition was denied. [*Id.*] He appealed, but his appeal was dismissed with prejudice in May 2011. [*Id.* at 2.] He did not seek transfer to the Indiana Supreme Court, nor did he seek review in the U.S. Supreme Court. [*Id.*] In April 2013, he tendered his original federal habeas petition to prison officials for mailing, and twice amended his petition. [ECF No. 1, 3, 5.] In the amended petition, he raises the following three claims: (1) he was not given a proper probable cause hearing; (2) his bail was excessive; and (3) there were errors in the abstract of judgment. [ECF No. 5-1 at 12-16.]

Salone's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Salone's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. The exact date Salone was resentenced cannot be discerned from the documents before the Court, and therefore it cannot be determined with certainty when his conviction became final. However, even if the Court affords him the benefit of the doubt and discounts the entire period prior to the date he sought state post-conviction relief, his petition would still be untimely. The post-conviction proceedings came to a conclusion in May 2011, and he waited until April 24, 2013, to file his original federal petition. [ECF No. 5 at 1; ECF No. 1 at 8.] Accordingly, his petition was filed outside the one-year deadline. He has not provided any grounds for excusing the untimeliness of his petition, and instead responded "n/a" when asked to explain why the petition was timely filed.[1] [ECF No. 5 at 5.] Nor can the Court discern any such grounds from his filings. Based on the above, the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the

---

[1] As stated above, this is Salone's third petition filed in the case. [*See* ECF No. 1, 3, 5.] The Court previously alerted him that his petition had to be timely to pass screening, and also instructed him that he should answer each question on the form. [ECF No. 4 at 1.]

petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Salone's petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Salone to proceed further. Accordingly, the Court declines to issue him a certificate of appealability.

For these reasons, the Court DENIES the motion to appoint counsel [ECF No. 8], DISMISSES the petition [ECF No. 5] pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and DENIES the petitioner a certificate of appealability.

SO ORDERED.

ENTERED:  July 17, 2013

       /s/ JON E. DEGUILIO
      Judge
      United States District Court